JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
G.B., a Minor, by and through his Natural Parents and Legal Guardians, T.B. and K.B., Plaintiffs,

**DEFENDANTS**
See attached list.

**(b)** County of Residence of First Listed Plaintiff: Dauphin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Aaron D. Martin, Esquire Hoppe & Martin, LLP 423 McFarlan Road, Suite 100, Kennett Square, PA 19348 (610) 444-2001

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. section 1983
Brief description of cause:
Fourteenth Amendment challenges to School District Weapons Policy for Vagueness

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 09/21/2013
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| G.B., a Minor, by and through his Natural Parents and Legal Guardians, T.B. and K.B., | : : : : |
| Plaintiffs, | : : |
| vs. | : Civil Action No. |
| | : |
| Christopher Morelli, Bruce Hancock, John Grab, Chris Barrett, Henry Donahue, William Parrish, Ellen Sheffey, Maryellen Sheehan, and Brian Shiflett, all in their Official Capacities as Directors of the Derry Township School District in Dauphin County, Pennsylvania, Joseph E. McFarland, Acting Superintendent Of the Derry Township School District, In his Official Capacity only, and Joy MacKenzie, Principal of Hershey Elementary School, in her Official Capacity, | : : : : : : : : : : : : : |
| Defendants. | : |

## Complaint

### Introduction

This action is commenced to challenge the Derry Township School District's unconstitutional weapons policy which was used to impose formal discipline against seven year-old G.B. ("G"), a recently-promoted second grade student at Hershey Primary Elementary School. G's offense? Taking a pen to school.

On January 15, 2013, G boarded his bus to go to school with a pen that emitted a small tactile buzz when touched. The pen was in the nature of a novelty item. For G's simple act of taking this pen with him on the bus to school, G was disciplined with a four-day suspension, and G has now been permanently classified by the school district as a violator of the district's weapons policy. G's permanent disciplinary record has been marred, and he has been relegated to the same category as violent criminals who bring knives, guns and explosives onto school property for the purpose of assault, murder, and even terrorism.

The present suit is filed under both the federal and state constitutions to challenge the irrational and impossibly vague policy under which G has been permanently branded a weapons offender.

## PARTIES

1. Plaintiff is G.B., a Minor ("G"), by and through his natural parents and legal guardians, T.B. ("Father") and K.B. ("Mother").

2. Defendants are Christopher Morelli, Bruce Hancock, John Grab, Chris Barrett, Henry Donahue, William Parrish, Ellen Sheffey, Maryellen Sheehan and Brian Shiflett (collectively "Directors"), Joseph E. McFarland, Acting Superintendent of the Derry Township School District ("McFarland"), and Joy MacKenzie, Principal of Hershey Elementary School ("MacKenzie").

2

3. All defendants are sued in their official capacities only as directors of the Derry Township School District, Hershey, Dauphin County, Pennsylvania ("District"), Acting Superintendent, or Principal, respectively.

4. The Derry Township School District maintains a principal place of business at 30 East Granada Avenue, Hershey, Dauphin County, Pennsylvania 17033.

## JURISDICTION AND VENUE

5. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, conferring original jurisdiction upon the various district courts of the United States for civil actions authorized by law to be commenced by any person to recover damages under any Act of Congress providing for the protection of civil rights, including conspiracies in violation thereof. This suit is authorized pursuant to 42 U.S.C. § 1983.

6. An award of costs and attorney's fees is authorized pursuant to 42 U.S.C. § 1988.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the Middle District of Pennsylvania is the district where one or more of the defendants reside and all defendants reside within Pennsylvania.

8. Plaintiff seeks relief that is equitable in nature. This case is consequently not subject to arbitration.

# FACTS

9. The allegations of the preceding paragraphs are incorporated herein by reference as if set forth at length.

10. On or about January 15, 2013, G got on the bus in the morning as usual to ride from his home to Hershey Elementary School.

11. On that day, G took with him a novelty pen that would emit a small shock when touched. G intended to show the pen to classmates because of its funny character. The pen's effect is similar to a "clown" type buzzer that one would hold in the palm of one's hand to emit a small buzz when shaking hands. G showed the pen to a fellow bus rider, explaining the funny character and buzzing effect.

12. G's possession of the novelty pen was noticed by the bus driver who confiscated the item.

13. Three days later, Principal Joy MacKenzie incomprehensibly reacted by declaring the pen a "weapon," branding G a "weapons offender," excluding G immediately from the classroom, asking his parents to remove him from school for the remainder of the day.

14. G from school for four days by MacKenzie and McFarland, all on an incomprehensible claim that G's possession of the pen was a violation of the District's weapons policy.

4

15. G was given no process by which he could contest the discipline imposed on him, and he has now been branded in the District's records as a violator of the District's weapons policy, embodied at Section 218.1 of the Derry Township School District's rules and regulations ("Weapons Policy"). A true and correct copy of the Weapons Policy is attached hereto as Exhibit "A" and incorporated herein by reference.

16. The Weapons Policy defines "Weapon" as follows,

> **Weapon** – the term shall include by way of example and not limitation, any poison gas, knife, cutting instrument, cutting tools, nunchaku stick, firearm, shotgun, rifle, and any other tool, instrument or implement capable of inflicting bodily injury or property damage, and shall include any item that is represented to be a weapon, that is threatened to be used as a weapon, or that has the appearance or characteristics of a weapon, such as a toy gun or water pistol.

Exhibit A, p. 1.

17. G has a stated-created property interest in a public education. *Agostine v. School District of Philadelphia*, 106 Pa. Commw. 492, 527 A.2d 193, 196 (1987); 24 P.S. §§ 13-1301—13-1302; see also Pa. Const. art. III, § 14 (establishing public education system). Such right cannot be impaired without due process of law.

18. The District has arbitrarily deprived G of his state-created property interest in public schooling without due process of law on the basis of nothing but

5

hysterical and overly-zealous application of a constitutionally-deficient school policy.

19. The Weapons Policy is facially unconstitutional for vagueness under the First Amendment because it fails to define with specificity the kind of activity that is proscribed so that a student can conform his or her conduct to the Policy's requirements. Pennsylvania criminal law requires that any potential bodily harm from an item alleged to be a weapon be "serious" as an appropriate limiting condition—a condition absent from the School District's policy. 18 Pa. C.S. § 912.

20. The District's Weapons Policy is unconstitutional for vagueness as applied under the First Amendment inasmuch as the District applies the Weapons Policy to items which are incapable of inflicting bodily harm or even creating a reasonable fear in any person that such items might cause bodily harm. Accordingly, a student of ordinary intelligence cannot conform his or her conduct to the dictates of the policy.

21. G's right under the Pennsylvania Constitution to protection of reputation has been deprived by the actions of the District. He has been permanently branded a weapons offender and must disclose this fact on any future applications for employment or education, if asked, and further is subject to much harsher punishment—even expulsion—if he should be found again to have

6

violated the unconstitutionally muddled definition contained in the Weapons Policy.

22. Appropriate prospective action to prevent recurrence of this unconstitutional assault on young G's rights includes a permanent injunction against enforcement of the Weapons Policy as written and as applied and expungement of the incomprehensibly absurd "weapons violator" status G now bears.

23. All actions taken by the District against G arose from his simple act of taking a toy onto a school bus—a toy that neither threatened nor caused harm to any person or property.

## First Cause of Action -- U.S. Const. Amend. XIV
## Permanent Injunction Against Prospective Enforcement of
## Unconstitutionally Vague Weapons Policy (Facial Challenge)

24. The allegations of the preceding paragraphs are incorporated herein by reference as if set forth at length.

25. The Derry Township School District Weapons Policy is unconstitutionally vague in that persons of ordinary intelligence must necessarily guess at its meaning.

26. The definition of "weapon" contained in the Policy necessarily leads to arbitrary or capricious enforcement inasmuch as such term, if applied to things

7

as innocent as novelty pens, effectively prevents persons of ordinary intelligence of understanding what items are actually prohibited by the policy.

27. G intends to take other novelty items and toys to school, but the Weapons Policy is unconstitutionally vague, and neither G nor his parents can reasonably discern what things he may lawfully take to school and what things the Weapons Policy prohibits.

WHEREFORE, Plaintiff prays this Honorable Court to PERMANENTLY ENJOIN the defendants from enforcing the Weapons Policy as FACIALLY VOID FOR VAGUENESS and further order EXPUNGEMENT of G's disciplinary record arising from the carrying of his pen to school and award attorneys fees, costs of suit and whatsoever other relief as is just and equitable.

### Second Cause of Action -- U.S. Const. Amend. XIV
### Permanent Injunction Against Prospective Enforcement of
### Unconstitutionally Vague Weapons Policy (As Applied)

28. The allegations of the preceding paragraphs are incorporated herein by reference as if set forth at length.

29. The application of the Weapons Policy to the kind of pen G took to school is unconstitutional in that if the definition of "weapon" within the policy be construed to include G's novelty pen, then persons of ordinary intelligence must necessarily guess at the definition's meaning.

30. Further, this expansive definition of "weapon" necessarily leads to arbitrary and capricious enforcement inasmuch as such term when applied to things as innocent as G's novelty pen prevents persons of ordinary intelligence from knowing the scope of the application of the policy and how to confirm their conduct to the dictates of the policy.

31. G intends to take other novelty items and toys to school in the course of his schooling, but the application of the Weapons Policy is unconstitutionally vague, and he cannot reasonably discern what things he may lawfully take to school and what things he may not take to school.

WHEREFORE, Plaintiff prays this Honorable Court to PERMANENTLY ENJOIN the defendants from enforcing the Weapons Policy AS APPLIED and further order EXPUNGEMENT of G's disciplinary record arising from the carrying of his pen to school, and award attorneys fees, costs of suit and whatsoever other relief as is just and equitable.

### Third Cause of Action -- Pa. Const. art. I, § 1
### Permanent Injunction to Protect Reputation and
### Expungement of Record

32. The averments of the foregoing paragraphs are incorporated herein by reference as if set forth at length.

33. Article I, section 1 of the Pennsylvania Constitution protects individual reputation and prohibits any agency of government from maintaining a

9

reputation-damaging record of a citizen's behavior arising from government action not according with due process or other substantive constitutional protections.

34. Application of the District's Weapons Policy has unconstitutionally abridged G's right to reputation in that it has branded him as a weapons offender for taking an item to school that was neither prohibited by the plain language of the Weapons Policy nor by any reasonable construction thereof.

35. G's school record must be expunged in order to restore to him his constitutionally-protected right to reputation as guaranteed under Article I, section 1 of the Pennsylvania Constitution.

WHEREFORE, Plaintiff prays this Honorable Court to PERMANENTLY ENJOIN the defendants from enforcing the Weapons Policy AS APPLIED and further order EXPUNGEMENT of G's disciplinary record arising from the carrying of his pen to school, and award costs of suit and whatsoever other relief as is just and equitable.

    Respectfully submitted,

    **HOPPE & MARTIN, LLP**

By:   /s/ Aaron D. Martin
_____
Aaron D. Martin
Pa. Atty. I.D. No. 76441
Attorney for Plaintiff,
G.B., by and through T.B. and K.B.
423 McFarlan Rd., Ste. 100
Longwood Corp. Ctr. South
Kennett Square, PA  19348
(610) 444-2001
(610) 444-5819 (fax)
amartin@hoppemartin.com

Date: September 21, 2013.

11

*G.B. v. Morelli et al.*
U.S.D.C. No. ------------ (M.D. Penna.)

# EXHIBIT "A"

| | |
|---|---|
| | SECTION: STUDENTS |
| **DERRY TOWNSHIP SCHOOL DISTRICT** | TITLE: WEAPONS |
| | ADOPTED: April 14, 2003 |
| | REVISED: February 13, 2012 |

| | |
|---|---|
| | 218.1 WEAPONS |
| 1. Purpose | The Board recognizes the importance of a safe school environment relative to the educational process. Possession of weapons in the school setting is a threat to the safety of students and staff and is prohibited by law. |
| 2. Definitions<br>SC 1317.2 | **Weapon** - the term shall include by way of example and not limitation, any poison gas, knife, cutting instrument, cutting tools, nunchaku stick, firearm, shotgun, rifle, and any other tool, instrument or implement capable of inflicting bodily injury or property damage, and shall include any item that is represented to be a weapon, that is threatened to be used as a weapon, or that has the appearance or characteristics of a weapon, such as a toy gun or water pistol.<br><br>**Possessing** - a student is in possession of a weapon when the weapon is found on the person of the student; in the student's locker; under the student's control while on school property, on property being used by the school, at any school function or activity, at any school event held away from the school, or while the student is coming to or from school.<br><br>**Destructive device** - means any bomb or device that is explosive or incendiary in nature; or any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of any explosive or other propellant, and which has any barrel with a bore. |
| 3. Authority<br>SC 1317.2 | No student shall possess, handle, transport, use, discharge, manufacture, make, remake, assemble, sell, distribute, or transfer any weapon, destructive device, or ammunition while in any school building, on any school premises, to include the locker, on any school bus or other conveyance (ex. bicycle, car) providing transportation to or from any elementary or secondary school or activity of the Derry Township School District, at any school activity or function, whether sponsored by the School District or not, or, while coming to or going from school or school activities. |

218.1 WEAPONS - Pg. 2

|  | Violation of this policy by any student shall result in the following: |
|---|---|
|  | 1. Immediate exclusion from class or activity. |
|  | 2. Notification of the Derry Township Police Department. |
|  | 3. Contact of custodial parent. |
|  | 4. Immediate exclusion from the school for a ten (10) day out-of-school suspension will be imposed, whereupon a minimum of one (1) year expulsion will be recommended to the superintendent and School Board for ratification. At the discretion of the superintendent, the determination of discipline, including the immediate ten (10) day out-of-school suspension and the one (1) year expulsion, may be modified on a case-by-case basis.<br>Such expulsion shall be given in conformance with formal due process proceedings required by law. |
| 4. Delegation of Responsibility<br>P.L. 91-230<br>20 U.S.C.<br>Sec. 1400 et seq | In the case of an exceptional student, the superintendent shall take all necessary steps to comply with the Individuals With Disabilities Education Act. |
| SC 1317.2 | The superintendent or designee shall report the discovery of any weapon prohibited by this policy to the student's parents and to local law enforcement officials. |
| SC 1317.2 | The superintendent or designee shall report all incidents relating to expulsion for possession of a weapon to the Department of Education. |
| SC 1303-A | The superintendent or designee shall be responsible to develop a memorandum of understanding with local law enforcement officials that sets forth procedures to be followed when an incident occurs involving an act of violence or possession of a weapon by any person on school property. |
| SC 1303-A | Acts of violence or possession of a weapon in violation of this policy shall be reported to the Office of Safe Schools on the required form at least once each year. |
| 5. Guidelines | School District employees and students observing or otherwise becoming aware of weapons on school premises, at school activities, on school buses or other conveyances, or of persons violating this policy, shall report the same to a School District teacher or administrator as soon as possible. The building principal shall immediately notify the superintendent. Anyone who has been in a position to make a report of an infraction but has failed to do so is subject to disciplinary action. |

218.1 WEAPONS - Pg. 3

| | |
|---|---|
| | Students, staff and parents shall be informed at least annually concerning this policy. |
| SC 1317.2 | An exception to this policy may be made by the superintendent, who shall prescribe special conditions or procedures to be followed. |
| | Weapons under the control of law enforcement personnel are permitted. |
| 18 U.S.C. Sec. 921, 922 | In accordance with the federal Gun-Free School Zone Act, possession or discharge of a firearm in, on, or within 1,000 feet of school grounds is prohibited. Violations shall be reported to the appropriate law enforcement agency. |
| | <u>Transfer Students</u> |
| SC 1317.2 | When the School District receives a student who transfers from a public or private school during an expulsion period for an offense involving a weapon, the District may assign that student to an alternative assignment or may provide alternative education, provided the assignment does not exceed the expulsion period. |
| School Code 1303-A, 1317.2<br><br>Public Law 91-230 20 U.S.C. Sec. 1400 et seq<br><br>18 U.S.C. Sec. 921, 922<br><br>Board Policy 233 | |